**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Brenda A. Green, | ) | Civil Action No. 9:04-22106-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Brenda A. Green, brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F.Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not

follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

In this case, the plaintiff applied for the aforementioned benefits on January 25, 2002, alleging disability as of August 24, 2001, due to insulin-dependent diabetes mellitus ("IDDM") for which she was hospitalized. Plaintiff's IDDM eventually led to amputation of her great right toe in November 2001. The plaintiff alleged disability as of August 24, 2001, due to problems with her toe. Plaintiff's medical records also indicate hypertension and a history of chronic renal insufficiency. The plaintiff's claim was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on September 9, 2003. The ALJ thereafter denied plaintiff's claim in a decision issued on March 24, 2004. This determination became the final decision of the Commissioner when it was adopted by the Appeals Council on July 15, 2004. The plaintiff then filed this action in the United States District Court for judicial review.

The ALJ made the following findings in this case:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's diabetes mellitus and absent right great toe are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4.  The medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.  The claimant has the following residual functional capacity: light work with a sit/stand option where the claimant can sit for an hour, stand for an hour, but not leave the work station.

7.  The claimant is unable to perform any of her past relevant work (20CFR § 404.1565).

8.  The claimant is an "individual closely approaching advanced age" (20 CFR § 404.1563).

9.  The claimant has "more than a high school education" (20 CFR § 404.1564).

10. The claimant does not have any readily transferable work skills from any past relevant work (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).

12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.14 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform.

13. The claimant is not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f).

## Facts

A review of the record indicates that the plaintiff was born on March 23, 1951. Plaintiff graduated from high school and has an additional nine (9) months of training as a medical health specialist. Plaintiff has past relevant work experience in retail sales for twelve (12) years and as a nurses' assistant for twenty-one (21) years.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., this action was referred to United States Magistrate Judge George C. Kosko. On December 1, 2005, Magistrate Judge Kosko filed a Report and

Recommendation ("Report") which recommends to this court that the decision of the Commissioner be affirmed. The plaintiff filed objections to the Report on January 17, 2006.

In conducting its review of the Magistrate Judge's Report, this court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court, to which any party may file written objections . . . . The court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. The court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the court's review of the report thus depends on whether or not objections have been filed, in either case, the court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

The court notes that in her Opening Brief, the plaintiff raised two issues on appeal, which are quoted verbatim below:

> Issue I      The finding that plaintiff can perform the standing and walking requirements of light work, even with a sit/stand option, lacks the support of substantial evidence and is based on legal error.
>
> Issue II     The ALJ's rejection of the credibility of the Plaintiff's complaints is based on legal error.

As mentioned above, the plaintiff filed what purported to be objections to the Magistrate Judge's Report on January 17, 2006, however, it is the opinion of this court that the plaintiff's filing is not actually objections to the Report. This court is of the opinion that this filing does not satisfy the

4

specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[1] Plaintiff points to very few findings in the Report and Recommendation to which she takes specific objection. Without specific objection to the Magistrate Judge's reasoning, this court does not have to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

The court notes that in the plaintiff's "objections" to the Magistrate Judge's Report, the plaintiff argues for the first time in this appeal that the ALJ had a heightened duty in this case to assist the plaintiff in developing her case because she was proceeding *pro se* during the administrative hearing.[2] Under this premise, the plaintiff focuses nearly the remainder of her "objections" pointing out specific areas of the record the ALJ failed in this duty. It appears to this court that the plaintiff also discusses another issue briefly in the objections, that being that the ALJ's duty to resolve conflicts between the vocational expert evidence and the Dictionary of Operational Titles ("DOT") job listings. The plaintiff

---

[1] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

[2] The court notes that the plaintiff is being represented by counsel in this appeal.

argues that in this case the ALJ did not resolve conflicting testimony and as such violated SSR 00-4p. Notwithstanding the fact the plaintiff has not filed any specific objections to the Report, the court also finds that the issues raised in the "objections" do not merit a specific response because the aforementioned arguments are untimely. As mentioned above, these issues were not raised in plaintiff's Opening Brief, and therefore, should be rejected. This court should not consider new arguments first raised in objections to a Magistrate Judge's Report and Recommendation "in the absence of a showing by the [plaintiff] that a manifest injustice would result from the failure to do so." Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000). See, e.g., Marshall v Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (issues first raised in objections deemed waived); Greenhow v Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir.1988) (Magistrates Act not "intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), overruled in part on other grounds by, United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc); Borden v Sec'y of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, 'not only their best shot but all of their shots.'") (internal quotation marks and citation omitted). The court finds that the plaintiff has presented no compelling reasons for failure to raise the aforementioned issues earlier. Therefore, the court finds that the plaintiff's objections are without merit.

## **Conclusion**

On the record before it, this court must overrule all of the plaintiff's objections. After carefully reviewing the record in this matter, the applicable law, and the position of the parties, the court affirms the Commissioner's decision, finding that it is supported by substantial evidence.

For the foregoing reasons, all objections are overruled, the Report and Recommendation of the

Magistrate Judge is incorporated herein, and the decision of the Commissioner is hereby **AFFIRMED**.

    **IT IS SO ORDERED**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

March 31, 2006  
Florence, South Carolina